# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GET KAISERED INC., KAISER FITNESS LLC, and ANNA KAISER, <br><br> Plaintiffs, <br><br> - v. - <br><br> AKT FRANCHISE, LLC and XPONENTIAL FITNESS LLC, <br><br> Defendants. | C.A. No. 20-01037-CFC |
| AKT FRANCHISE, LLC and XPONENTIAL FITNESS LLC, <br><br> Counterclaimants, <br><br> - v. - <br><br> ANNA KAISER, GET KAISERED INC., and KAISER FITNESS LLC, <br><br> Counterdefendants. | |

**DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ANNA KAISER IN REPLY AND FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

Dated: December 1, 2020

OF COUNSEL

Alex Weingarten (*pro hac vice*)
Jeffrey Logan (*pro hac vice*)
Witt W. Chang (*pro hac vice*)
**VENABLE LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067

Daniel A. O'Brien (No. 4897)
**VENABLE LLP**
1201 N. Market Street, Suite 1400
Wilmington, DE 19801

*Attorneys for Defendants-
Counterclaimants AKT Franchise, LLC
and Xponential Fitness LLC*

Defendants and Counterclaimants AKT Franchise, LLC and Xponential Fitness LLC object to the Declaration of Anna Kaiser in Reply and Further Support of Plaintiffs' Motion for a Preliminary Injunction [D.I. 74] as follows:

| Obj. No. | Proffered Evidence | Objection |
|---|---|---|
| 1. | **Kaiser Decl., ¶ 2:** "Mr. Geisler ignored my requests for meetings of the Board of Managers. He misrepresents my July 9, 2020 email and letter in his declaration (Geisler 11/2/2020 Decl. ¶ 22, D.I. 59). I did not seek merely to 'add [my] thoughts' to the earlier franchisee letter of July 22, 2020, I specifically asked for a board meeting to address serious issues that were confronting AKT Franchise." | **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 2. | **Kaiser Decl., ¶ 2:** "As noted previously, Mr. Geisler did not respond to my request for a board meeting other than to have his counsel, Alex Weingarten, telephone my lawyer, Kerry Brennan, and tell her that my letter was unproductive and would jeopardize the upcoming mediation session." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 802** (inadmissible hearsay). |
| 3. | **Kaiser Decl., ¶ 3:** "In my earlier September 28, 2020 declaration, I had mentioned that my role on the Board, for which position I negotiated to | **FRE 402** (irrelevant as Persona License is irrevocable, no claims to rescind APA); **FRE 701, 702** (improper opinion and/or |

| | | |
|---|---|---|
| | supervise my rights under the APA and the development of the Franchise Business based on my Persona, provided me the right to manage the Company's property including my Persona." | conclusion); **FRE 1002** (best evidence rule). |
| 4. | **Kaiser Decl., ¶ 3:** "In material breach of the Operating Agreement, on October 22, 2020, in response to my request to be indemnified under the express terms of such agreement for the Company's claims asserted against me for breach of fiduciary duty as a Manager and related claims in the California Action (brought solely by Defendants to multiply the litigation already filed), I was notified that I was retroactively removed from the Board of Managers as of July 29, 2020." | **FRE 402** (irrelevant as Persona License is irrevocable, APA only terminable by written agreement, no claims to rescind the APA); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay). |
| 5. | **Kaiser Decl., ¶ 3:** "Again, solely because I sought to enforce my contractual rights under the Operating Agreement, I was removed from the Board." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 6. | **Kaiser Decl., ¶ 3:** "Given I am no[] longer on the Board, I can no longer monitor AKT Franchise's use of my Persona in material breach of the parties' overall arrangement under the Purchase Documents to develop a Franchise Business. Their | **FRE 402** (irrelevant as Persona License is irrevocable, APA only terminable by written agreement, and no claims to rescind APA); **FRE 602** (no personal knowledge or foundation, speculation); **FRE 701, 702** (improper opinion and/or conclusion). |

| | | |
|---|---|---|
| | campaign to oust me from AKT Franchise which commenced in Spring 2019 when they adamantly refused to pay the first Post-Closing Cash Payment continues even today after the filing of the lawsuit. It is Defendants who have harmed the Franchise Business by repudiating their agreements with me and forcing me out." | |
| 7. | **Kaiser Decl., ¶ 4:** "While Defendants confirm that we actively negotiated the provisions of the APA regarding my Persona (Weitz Decl. ¶ 3 D.I. 57), my role as Manager on the Board was intended to allow me to safeguard the use of my Persona." | **FRE 402** (irrelevant as Persona License is irrevocable, no threat of imminent harm); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 702** (improper opinion and/or conclusion). |
| 8. | **Kaiser Decl. ¶ 4:** "Nothing in the Purchase Documents states that Xponential was solely responsible for, or took the lead, on development of creative content. While the APA contained a grant of the use of my Persona, I curated the use of my Persona as previously described in my prior declaration. As a Manager on the Board, I had the right to supervise the curation and use of my Persona." | **FRE 402** (irrelevant as Persona License is irrevocable; APA only terminable by written agreement; no claims to rescind APA); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 9. | **Kaiser Decl. ¶ 5:** "Ms. Chordock concedes that I | **FRE 402** (irrelevant as Persona License is irrevocable; APA only |

| | | |
|---|---|---|
| | attempted to manage and provided input as to the use of my Persona on the website and advertising. Chordock 11/2/2020 Decl. ¶ 9 D.I. 58." | terminable by written agreement; no claims to rescind APA); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 10. | **Kaiser Decl. ¶ 5:** "However, only after I brought this motion did AKT Franchise take down the false advertising statements from its website that I was continuing to choreograph every workout and that I was providing new choreographed workouts every three weeks. They admit they did so after I filed this motion to address the false advertising statements and confusion that they were creating." | **FRE 402** (irrelevant as Persona License is irrevocable; no threat of imminent harm); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay). |
| 11. | **Kaiser Decl. ¶ 6:** "Defendants' continuous denial of my rights as a Manager on the Board of AKT Franchise to manage the company and to oversee the use of my Persona culminated in my removal from the Board which deprives me of my right to safeguard my Persona." | **FRE 402** (irrelevant as Persona License is irrevocable; no threat of imminent harm); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 12. | **Kaiser Decl. ¶ 7:** "I created and developed and had complete control of my personal Instagram site at all times, and it was not subject to any of the Purchase Documents. I have asked AKT Franchise be enjoined from using those | **FRE 402** (irrelevant as Persona License is irrevocable; no threat of imminent harm; assignment of work product under CA survives termination; no claims to rescind CA or APA); **FRE 701, 702** (improper opinion and/or |

| | | |
|---|---|---|
| | materials, and they have not addressed this issue." | conclusion); **FRE 1002** (best evidence rule). |
| 13. | **Kaiser Decl. ¶ 8:** "In the Proposed Order ¶ (b)(i), Plaintiffs sought that AKT Franchise be enjoined from using the choreographed workouts that I delivered under the Consulting Agreement.  I did not receive compensation or reimbursement for my expenses for the period April through July 2020 under the Consulting Agreement, although again I was performing services and delivering new choreographed workouts.  I notified AKT Franchise of this material breach on June 23, 2020, and when the payments were not cured, I terminated the agreement." | **FRE 402** (irrelevant as assignment of work product upon creation survives termination of CA; no claims to rescind CA or APA); **FRE 701, 702** (improper opinion and/or conclusion). |
| 14. | **Kaiser Decl. ¶ 8:** "For the same reasons explained below, the withholding and/or set off of payments to Get Kaisered had no contractual basis and was undertaken by Defendants to coerce my submission to their demands." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 15. | **Kaiser Decl. ¶ 8:** "The Consulting Agreement expressly provides that the compensation, both fees and expenses, to Get Kaisered was provided to support the | **FRE 402** (irrelevant as assignment of work product upon creation survives termination; no claims to rescind CA or APA); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** |

| | | assignment of the copyright in the video workouts. Kaiser 9/29/2020 Decl. Ex. C Section 2.3." | (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
|---|---|---|---|
| 16. | | **Kaiser Decl. ¶ 8:** "Simply put, I did not receive the compensation for the works prepared during that time, and therefore, I retain the copyright in such works. AKT Franchise agreed that a preliminary injunction would be appropriate relief for a breach of this nature. [CA] at Section 3.2." | **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 17. | | **Kaiser Decl. ¶ 9:** "The AKT Franchise website presently contains no mention of me and does not use my image. As described in my declaration of November 2, 2020, AKT Franchise has intentionally anonymized my name and image from the brand to implement an institutionalized branding which they opined would allow them to sell more franchises. Kaiser 11/2/2020 Decl. ¶¶ 8 & 43-50. As used by AKT Franchise, the AKT tradename and trademark has been anonymized to such an extent that there is no connection to me." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay). |
| 18. | | **Kaiser Decl. ¶ 9:** "Given that my name and image has been removed from the website and I have agreed that Defendants can | **FRE 402** (irrelevant as Persona License is irrevocable; APA only terminable by written agreement); **FRE 602** (no personal knowledge |

| | | |
|---|---|---|
| | continue to reference me as the founder, Defendants will suffer no prejudice from entry of a preliminary injunction prohibiting them from using my Persona." | or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 19. | **Kaiser Decl. ¶ 10:** "The Defendants concede in their Answering Brief that the Total Consideration included the Post-Closing Cash Payments. Defs. Br. at 2." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 20. | **Kaiser Decl. ¶ 10:** "However, Defendants deceitfully claim that there are adjustments to such payments in the Answering Brief at 2, n.2." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 21. | **Kaiser Decl. ¶ 10:** "Defendants conspicuously omit any evidence that any of the potential adjustments in the APA are applicable." | **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 22. | **Kaiser Decl. ¶ 11:** "Indeed, AKT Franchise's 2019 Financial Statements, prepared by AKT Franchise and Xponential management, demonstrate that, as of the date they were signed on April 27, 2020, there were no such adjustments." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 23. | **Kaiser Decl. ¶ 12:** "The Independent Auditor's Report, dated April 27, 2020 at the front of the financial statement states | **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |

| | | |
|---|---|---|
| | 'To the Board of Director and Member of AKT Franchise, LLC.' I was not provided with the financial statements at or around that date by anyone." | |
| 24. | **Kaiser Decl. ¶ 12:** "Indeed, my counsel asked Defendants' counsel for a copy of the financial statements, and they refused, although the Operating Agreement provides that, as Manager, I was entitled to receive them.  This is further evidence that AKT Franchise froze me out as a Manager of the Board." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 25. | **Kaiser Decl. ¶ 13:** "The Post-Closing Cash Payments due to Get Kaisered are listed as 'Notes payable, current portion' on the Balance Sheet…[t]he amount listed of $566,667.00 is the principal amount that I was due as of March 22, 2020.  As of December 31, 2018, the amount recorded was $283,000, the amount I was due March 22, 2019.  I am advised that 'notes payable, current portion' lists the amount due to be paid within one year.…[n]owhere in the 2019 Financial Statements does it state there are any setoffs or adjustments to the Post-Closing Cash Payments which the Company agreed to pay." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |

| 26. | **Kaiser Decl. ¶ 15:** "The 2019 Financial Statements also refer to Get Kaisered's 20% Earn-Out Payment.  The Company recorded a liability in the amount of $4,459,900.00 relating to Ms. Kaiser's Earn Out Payment on the Balance Sheet on the line labeled 'Contingent Consideration from Acquisition.' This is further explained in Note 7 under a section with the same label which states that the amount represents the estimated fair market value of such liability. Nowhere in the 2019 Financial Statements does it state that the Earn-Out due to Get Kaisered has been diluted." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| --- | --- | --- |
| 27. | **Kaiser Decl. ¶ 16:** "Nor do the 2019 Financial Statements indicate the issuance of any Incentive Equity that would have diluted Get Kaisered's deemed 20% shareholding.  In Section 2.2.(e) of the APA, Incentive Equity is unambiguously defined as equity issued to an employee, officer, consultant or advisor of the Purchaser or its subsidiaries in exchange for services or to be provided to the Purchaser or its subsidiaries.  This provision expressly provides that Xponential and Get Kaisered would both be diluted on a pro | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |

| | | |
|---|---|---|
| | rata basis by the issuance of Incentive Equity. The provision expressly did not provide that any funding of AKT Franchise by Xponential constituted Incentive Equity and would dilute my deemed 20% ownership for purposes of calculating my Earn-Out Payments." | |
| 28. | **Kaiser Decl. ¶ 16:** "While AKT Franchise is quick to provide emails of our negotiations when they believe it favors them even when an agreements terms are unambiguous, they provide none stating that the Dilution Adjustment means anything other than plain words in the APA. AKT Franchise never apprised me at any time that Incentive Equity under the APA had been so issued, and therefore, I have retained my entitlement to a distribution based on a deemed 20% ownership of the Company." | **FRE 402** (irrelevant as a lack of emails does not create a negative inference); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion). |
| 29. | **Kaiser Decl. ¶ 17:** "The 2019 Financial Statements do not refer to any obligation of Get Kaisered or any of the Plaintiffs to fund the losses of AKT Franchise as claimed by Mr. Geisler when he refused to pay me the Post-Closing Cash Payment in April 2019." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 30. | **Kaiser Decl. ¶ 17:** "The AKT Franchise Operating | **FRE 602** (no personal knowledge or foundation; speculative); **FRE** |

| | | Agreement, Section IV, addresses the capital structure of the company and provides for an initial contribution by Xponential and the set up of a capital account only for Xponential as the sole Member of AKT Franchise…[i]t nowhere provides that Get Kaisered was required to provide any funding.  Under Sections 2.1(d) and 2.2(c), I had the right to receive earn-out distributions based on a deemed 20% ownership." | **701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
|---|---|---|---|
| 31. | | **Kaiser Decl. ¶ 18:** "Nor do the APA or the 2019 Financial Statements refer to dilution of my Earn-Out Payments based 'on additional funding that Xponential provided for AKT.'" | **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 32. | | **Kaiser Decl. ¶ 18:** "Moreover, the 2019 Financial Statement records the full 20% Earn-Out Payment liability.  Mr. Geisler in bad faith tried to convince me that Get Kaisered had an obligation to fund the losses of AKT and/or that Get Kaisered's 20% deemed equity ownership had been diluted by Xponential's contributions to AKT Franchise.  He relentlessly bullied me." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 33. | | **Kaiser Decl. ¶ 19:** "Mr. Geisler's April 16, 2019 response to my request for | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or |

| | | |
|---|---|---|
| | payment of the first Post-Closing Cash Payment (after my CFO, counsel and I each sought the payment via AKT Franchise's counsel) contained the sole baseless demand that Get Kaisered needed to fund the losses of AKT Franchise, not that Get Kaisered or I had breached any provisions of any of the Purchase Documents." | conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 34. | **Kaiser Decl. ¶ 19:** "At no time, when they were considering spending such funds did they approach me and/or my designated Observer on the Board to apprise us that Get Kaisered would need to contribute pro rata with respect to such expenses.  Without any regular meetings of the Board or without providing monthly financial or projections, I could not exercise my rights to oversee the management of the company.  Only after my CFO, my counsel and I asked for the first Post-Closing Cash Payment did Mr. Geisler raise for the first time that I had any obligation to participate in such funding which is nowhere mentioned in the APA." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 35. | **Kaiser Decl. ¶ 20:** "Due to Mr. Geisler's relentless refusal to make the Post-Closing Cash Payments, I reviewed and considered his settlement | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 802** (inadmissible hearsay). |

| | | |
|---|---|---|
| | proposals in which he sought Get Kaisered to accept a dilution of my deemed 20% ownership for payment of earn-out distributions, but my counsel always made clear that it was our position that such demand for dilution was baseless under the agreement." | |
| 36. | **Kaiser Decl. ¶ 20:** "In the emails filed by Defendants, sent by my counsel, Michael Spiro, he twice told Defendants' counsel on August 16, 2019, that the APA did not provide for dilution based on Xponential's additional contributions to AKT Franchise and the dilution clause was limited. | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 802** (inadmissible hearsay). |
| 37. | **Kaiser Decl. ¶ 20:** "Defendants' contention that 'I insisted that any deal include more favorable terms for herself including with respect to the Franchise Agreement' (Defs. 11/2/2020, D.I. 56) is completely untrue. I only was seeking to enforce the rights under the APA and nothing more." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 38. | **Kaiser Decl. ¶ 20:** "In fact, Defendants continued bullying me in an attempt to make the terms of the Purchase Documents more favorable to them. I considered Mr. Geisler's proposals in order to | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |

| | | |
|---|---|---|
| | find a way to receive the money I was contractually due and move forward with my commitment to AKT Franchise, but in the end I did not accept Mr. Geisler's settlement proposals requiring my dilution that were contrary to Get Kaisered's contractual rights." | |
| 39. | **Kaiser Decl. ¶ 21:** "Get Kaisered had no obligation to sign the Franchise Agreement as of the time the Post-Closing Cash Payment was due on March 22, 2019.  Section 5.11 of APA provides that the parties were to undertake commercially reasonable efforts to negotiate a Franchise Agreement." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 40. | **Kaiser Decl. ¶ 21:** "Defendants' Answering Brief states that the Franchise Agreement 'was approved for New York in October 2018.' Defs. 11/2/2020 Br. at 4.  I believe what they meant was that they had obtained state regulatory approval in October 2018 to begin selling franchises in New York.  We asked for a Franchise Agreement for AKT at the time of the APA negotiations, but it had not been prepared.  It took Defendants seven or eight months after the closing of the APA to give me a first draft to start our negotiations of the Franchise | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |

| | | |
|---|---|---|
| | Agreement. I was not required to sign the draft they presented to me. Get Kaisered provided comments and the parties negotiated back and forth, but again Get Kaisered was not required to agree to a contract that was adverse to its commercial interests as discussed in my declaration dated November 2, 2020 ¶¶ 16, 22 and 51-55 D.I. 63." | |
| 41. | **Kaiser Decl. ¶ 21:** "When Mr. Geisler advised me on April 2019 that he was not paying the first Post-Closing Cash Payment, he did not raise the status of the Franchise Agreement. Kaiser 9/28/2020 Decl. ¶ 26 & Ex. D. In none of his declarations does he deny he took this position. He has now separately admitted that he withheld payments to me under the Consulting Agreement in order to compel me to sign the Franchise Agreements. Again, he sought to compel me to give up my contractual rights to a Franchise Agreement that was not adverse my commercial interest by withholding payment due to me on another agreement." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |
| 42. | **Kaiser Decl. ¶ 22:** "He continuously withheld payments from Get Kaisered to coerce my agreement to his demands that I | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or |

| | | |
|---|---|---|
| | give up my contractual rights under the Purchase Documents. Mr. Geisler also was not entitled to withhold payments from me under the Consulting Agreement to strong arm me to sign a Franchise Agreement. The APA said that both parties need to use commercially reasonably efforts to negotiate a Franchise Agreement. His withholding of payments under the Consulting Agreement, under which I was required to continue to perform and deliver new choreographed workouts, was not commercially reasonable." | conclusion); **FRE 1002** (best evidence rule). |
| 43. | **Kaiser Decl. ¶ 22:** "Moreover, while the Consulting Agreement includes a set off provision, in the Fall 2019 when Mr. Geisler first started withholding payments under the Consulting Agreement, and at no time thereafter, did AKT Franchise notify me of a claim for indemnification or payment of damages. Mr. Geisler's attempt to claim that his withholding of payment to Get Kaisered was legitimate is unsupported and was made in bad faith." | **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 1002** (best evidence rule). |
| 44. | **Kaiser Decl. ¶ 23:** "On page 6 of Defendants' Answering Brief, they state that 'after not getting my way at a mediation on July 21, 2020,' yet I still | **FRE 402** (irrelevant as to Kaiser's understanding of the reason for such discussion); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** |

| | | |
|---|---|---|
| | don't understand why Defendants and their counsel are discussing a confidential mediation that is irrelevant to these proceedings.  It was not a matter of 'getting my way.' The Plaintiffs ultimately decided that it was not in their interest to continue the mediation because frankly Defendants did not appear interested in continuing and my counsel advised the parties and mediator that we were cancelling.  Thereafter, the Defendants, perhaps because they wanted their way, asked us to continue, and the mediator confirmed that the mediation was cancelled." | (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay). |
| 45. | **Kaiser Decl. ¶ 25:** "I was advised by more than one franchisee that Mr. Geisler defamed and disparaged me on that Zoom Call.  I was not just an employee or some random consultant – he was defaming and disparaging the namesake, founder and a Manager of the Board and harming AKT Franchise's reputation." | **FRE 402** (irrelevant as Persona License is irrevocable; no threat of imminent harm); **FRE 602** (no personal knowledge or foundation; speculative); **FRE 701, 702** (improper opinion and/or conclusion); **FRE 802** (inadmissible hearsay). |
| 46. | **Kaiser Decl. ¶ 26:** "On April 1, 2020, Dennis Collins, who was gearing up to open AKT Franchise is Short Hills, N.J., called me out of the blue while I was walking down the street in New York.  I don't believe that | **FRE 602** (no foundation); **FRE 802** (inadmissible hearsay). |

| | | | |
|---|---|---|---|
| | I had ever spoken with him before, and we spoke for just under a half hour.  After we exchanged pleasantries, he asked if I was looking to 'get out' of AKT.  I asked him why he posed the question.  He said that the only reason he had invested in AKT Franchise was because of my name, content, celebrity following, and prestige and without my involvement it would be worth nothing especially in an upscale location like Short Hills, N.J. where he was located.  He said we was concerned about the studio closures (due to the pandemic) and AKT Franchise's inability to support his studio.  Unprompted, he also said that Anthony Geisler had lost 90% of his cash flow at Xponential and suggested that, if I was ever thinking about getting out, I should consider doing it now.  Given the pandemic, he thought Anthony was going to want to offload some liabilities and AKT was his largest one.  I asked him how he had this information.  He said 'do the math.'" | |
| 47. | **Kaiser Decl. ¶ 26:** "During the call, I relayed to Mr. Collins that AKT Franchise owed me money from the original transaction and that I had other grievances with AKT Franchise, | **FRE 402** (irrelevant as to any "colorful language" or "critical remarks" not worth mentioning); **FRE 802** (inadmissible hearsay). |

| | | |
|---|---|---|
| | and that I was considering all of my options to obtain the funds I was owed. He said he bet Anthony would want to get AKT Franchise off his hands as well and that it wasn't worth anything and I should offer to buy it back. He said that he knew the paperwork would be challenging but that I should do it now. Mr. Collins then said he would help me build out the franchise. I asked him where this was coming from and he said that he had known Anthony for many years. He had purchased to Club Pilates franchises and had known Anthony a long time. Mr. Collins said that AKT Franchise was not worth anything so I should probably just offer to buy it for a dollar. He peppered the call with colorful language and made critical remarks about Mr. Geisler that I am not including here." | |
| 48. | **Keiser Decl. ¶ 27:** "I spoke with several people about Mr. Collin's call including two other franchisees. I also spoke with a friend and business advisor, Lisa Sun. A few days later I emailed my shareholder and advisor Blair Crawford to tell him about the phone call from Mr. Collins and ask his opinion of it all…[w]hen I used the phrase 'Get Out,' I was | **FRE 602** (no foundation); **FRE 802** (inadmissible hearsay); **FRE 1002** (best evidence rule). |

| | repeating the words that Mr. Collins first used during our phone call." | |
|---|---|---|

Dated: December 1, 2020

**VENABLE LLP**

By:  /s/  *Daniel A. O'Brien*
Daniel A. O'Brien (No.4897)
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 298-3535
Fax: (302) 298-3550
daobrien@venable.com

-and-

Alex M. Weingarten (*phv*)
2049 Century Park East, Ste. 2300
Tel: (310) 229-9900
Fax: (310) 229-9901
amweingarten@venable.com

*Counsel for Defendants and Counterclaimants AKT Franchise, LLC and Xponential Fitness LLC*

## CERTIFICATE OF SERVICE

I, Daniel A. O'Brien, hereby certify on this 1st day of December, 2020, a copy of the foregoing document was electronically filed with the court and served via CM/ECF, on parties with counsel of record identified on the Court's docket.

*/s/ Daniel A. O'Brien*
Daniel A. O'Brien (No. 4897)