# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GET KAISERED INC., KAISER FITNESS LLC, and ANNA KAISER, <br><br> Plaintiffs, <br><br> - v. - <br><br> AKT FRANCHISE, LLC, and XPONENTIAL FITNESS LLC, <br><br> Defendants. | C.A. NO. 1:20-CV-01037-CFC |
| AKT FRANCHISE, LLC, and XPONENTIAL FITNESS LLC, <br><br> Counterclaimants, <br><br> - v. - <br><br> ANNA KAISER, GET KAISERED INC., and KAISER FITNESS LLC, <br><br> Counterdefendants. | |

## STIPULATED PROTECTIVE ORDER

The Parties in this action recognize that information and materials sought, produced, and/or exhibited in this matter by the Parties or produced by third parties may contain confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action would be warranted.

To expedite the flow of discovery material, to facilitate prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure only materials entitled such confidentiality are subject to confidential

treatment, and to ensure the Parties are permitted reasonably necessary use of such materials in preparation for and during trial, the Parties hereby stipulate to the following protective order and pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED THAT**:

## 1.   PURPOSES AND LIMITATIONS

1.1     This Protective Order is intended to protect confidential, proprietary, and/or private information for which special protection from public disclosure is permitted that is likely to be produced or disclosed in this action.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

1.2     To the extent that any one of Defendants in this litigation provides Protected Material under the terms of this Protective Order to Plaintiffs, Plaintiffs shall not share that material with the other Defendant(s) in this litigation, absent a further Court order or express permission from the producing Defendant or its counsel.   This Order does not confer any right to any one Defendant to access the Protected Material of any other Defendant.

## 2.   DEFINITIONS

2.1     "CONFIDENTIAL" Information or Items:  Confidential information (regardless of how generated, stored, or maintained) or tangible things that the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or  (iii) protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

2.2     Counsel (without qualifier):  Outside Counsel or In-House Counsel and all support staff thereof.

2.3     Designating Party: A Party or non-party that designates information or items that it produces in Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.4     Disclosure or Discovery Material:   All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, generated, or otherwise provided in this action by the Parties or by non-parties.

2.5     Expert:  A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current officer, director or employee of a Party or of a competitor of a Party and who, at the time of retention, does not anticipate becoming an officer, director or employee of a Party or of a competitor of a Party.  Nothing in this order purports to change the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

2.6     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  "CONFIDENTIAL" Information (as defined in 2.1 *supra*) whose disclosure to another Party or non-party would create a substantial risk of harm to the competitive position of the Producing Party.

2.7     In-House Counsel:  Attorneys who are employees of a Party, or attorneys who are independent contractors of a Party and provide legal advice on an exclusive basis to that Party.

2.8     Outside Counsel:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and their support staff.

2.9 <u>Party:</u> Any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

2.10 <u>Producing Party:</u> A Party or non-party that discloses or produces Disclosure or Discovery Material in this action.

2.11 <u>Professional Vendors:</u> Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; electronically stored information (ESI) consulting or document management; preparing exhibits or demonstrations; document management; jury consulting; mock trial coordination, translators) and their employees and subcontractors (including, but not limited to, mock jurors).

2.12 <u>Protected Material:</u> Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as provided for in this Order.

2.13 <u>Receiving Party:</u> A Party that receives Disclosure or Discovery Material from a Producing Party in this action.

3. **SCOPE**

3.1 The protections conferred by this Order cover not only Protected Material (as defined *supra*), but also any information copied or extracted from Protected Material, as well as copies, excerpts, summaries, or compilations thereof, and testimony, conversations, or presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public

record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

4.1     Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees or a court order directs otherwise.

4.2     This Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, experts, consultants, and all other persons or organizations over which the Parties have control.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1     Manner and Timing of Designations: Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be so designated before the material is disclosed or produced.  Designation in conformity with this Order shall be made as follows:

(a)     For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings) the Designating Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied or produced.  Before and during the inspection, all material

5

made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."   After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

      (b)    <u>For testimony given in deposition</u> the Designating Party shall specify any portions of the testimony that it wishes to designate no later than 10 business days after the final transcript of the deposition has been received.   For deposition transcripts, the Party or non-party may identify the entirety of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" but all deposition transcripts not designated during the deposition will nonetheless be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.   Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.   In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."   Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who

is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)     For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

5.2    Inadvertent Failure to Designate Properly:   An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated.  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is thereafter treated in accordance with the provisions of this Order.  The Designating Party shall provide substitute copies of documents bearing the confidentiality designation.  Upon receiving substitute copies, the Receiving Parties shall return or securely destroy, at the Designating Party's option, all material that was not designated properly.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges:    A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer:  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying, in writing, the documents or information that the challenging Party contends should be differently

designated, and the basis for its belief that the confidentiality designation is improper.   The Designating Party shall, within seven (7) calendar days after receiving such written notice, advise the challenging Party, in writing, of the basis for its designation or re-designation.   Within seven (7) calendar days thereafter, the parties shall meet and confer directly in good faith to resolve the matter.

6.3   Judicial Intervention:  A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party (as described in the preceding section) may, within seven (7) days of the parties' meet-and-confer, seek the Court's assistance in resolving the dispute in accordance with the Court's discovery dispute procedures. The burden shall be on the Designating Party to justify its asserted confidentiality designation.

7.   **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1   Basic Principles:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or non-party in connection with this action only for prosecuting defending, or attempting to settle this action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When this action has been terminated, a Receiving Party must comply with the provisions of Section 10 (FINAL DISPOSITION), below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures access to the Protected Material is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      The Receiving Party's Outside Counsel of record in this action, as well as employees and/or independent contractors of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees and/or independent contractors of Outside Counsel to abide by the terms and conditions of the Order and will appropriately disclose these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)      No more than two In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (attached hereto as Exhibit A), an executed copy of which shall be provided to all Parties prior to receiving Protected Material;

(c)      Experts (as defined in Section 2.5, *supra*) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A) and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.4 below.  Without the express prior written consent of the Defendant that produced the Protected Material, no expert or consultant retained by a Defendant in this matter shall have access to "CONFIDENTIAL" material produced by another Defendant in this matter.

(d)      The Court and its personnel;

(e)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(f)      Court reporters and videographers employed in connection with this case;

(g)     Professional Vendors to whom disclosure is reasonably necessary to conduct this action;

(h)     Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony;

(i)     During deposition and/or at trial, current employees of the Producing Party that produced the documents or information;

(j)     Current officers, directors, partners, members, employees, independent contractors, accountants, representatives and/or agents of each non-Producing Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding, and who have signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" attached hereto as Exhibit A), an executed copy of which shall be provided to all Parties prior to receiving Protected Material; and

(k)     Any other person with the prior written consent of the Producing Party or pursuant to an order of this Court.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Counsel of record in this action, as well as employees and/or independent contractors of said Outside Counsel to whom disclosure is reasonably necessary to conduct this action (by executing this Order, Outside Counsel acknowledges the obligation on behalf of all employees and/or independent contractors of Outside

Counsel to abide by the terms and conditions of the Order, and will make appropriate disclosure of these terms and conditions to all employees who will have access to information pursuant to the Order);

(b)    Experts (as defined in Section 2.5, *supra*) of the Receiving Party to whom disclosure is reasonably necessary to conduct this action and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), an executed copy of which shall be provided to all Parties prior to receiving Protected Material and for which no unresolved objections to such disclosure exist after compliance with the requirements set out in Section 7.4 below.

(c)    The Court and its personnel;

(d)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

(e)    Court reporters and videographers employed in connection with this case;

(f)    Professional Vendors to whom disclosure is reasonably necessary to conduct this action;

(h)    Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the document or have prior knowledge of the Protected Material as established through testimony;

(i)    During depositions, current employees of the Producing Party that produced the documents or information.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information must be separately bound by the court reporters and may not be disclosed to anyone except as permitted under this Order; and

(j)      Any other person with the prior written consent of the Producing Party or pursuant to an order of this Court.

7.4     Procedures for Approving Disclosure of Protected Material to Experts:

(a)      A Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must notify, in writing (including via email), the Designating Party of its intent to make such a disclosure.  The notification shall include a copy of the Expert's current *curriculum vitae* and must identify:

(i)      The full name of the Expert and the city and state of the Expert's primary residence;

(ii)      The Expert's current employer(s);

(iii)      Each person or entity from whom the Expert has received compensation for work in his/her area of expertise or to whom the expert has provided professional services in his/her area of expertise at any time during the preceding five (5) years;

(iv)      Any legal action (by name and number of the case, filing date, and court) in connection with which the Expert has provided any professional services in his/her area of expertise during the preceding five (5) years; and

(v)      Any previous or current contractual relationship with any of the Parties.

The Party that seeks to make such disclosure to an expert of any information or item that has been designated Protected Material  need not identify to the Designating Party said information or item to be disclosed.

(b)      A Party that provides the notice described in the preceding section may disclose the subject Protected Material to the identified Expert unless, within seven (7) calendar days of receipt of the notice, the Party receives an objection to the disclosure, in writing (including via email), from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)      A Party that receives a timely written objection as described in the preceding section must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) calendar days following the objection.  Only if no agreement is reached after the meet and confer, the Designating Party may seek the Court's assistance in accordance with the Court's procedures for resolving discovery disputes within seven (7) calendar days from the date of the meet and confer.  If relief from the Court is not sought within that time, the objection shall be deemed withdrawn.  If relief is sought, designated material shall not be disclosed to the Expert in question until the Court resolves the objection.  In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the specific designated Expert.

## 8.      FILING PROTECTED MATERIAL

8.1      All Protected Material must be filed under seal in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

## 9.      USE OF PROTECTED MATERIAL AT COURT HEARINGS OR PROCEEDINGS

9.1      The use of Protected Material at any Court hearing or proceeding shall be as directed by the Court. In the event that any material designated as Protected Material is used in

any Court hearing or proceeding, the Party proffering the Protected Material may request that the Court close the courtroom, but the decision of whether to do so rests with the judge presiding at the hearing or proceeding.

**10.      FINAL DISPOSITION**

10.1      Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this action, including all appeals, each Receiving Party must destroy or return, at the Producing Party's request, all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.   The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30)-day deadline.

10.2      Notwithstanding the preceding section, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material.   Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, *supra*.   In addition, notwithstanding the preceding section, Counsel are entitled to retain any copies that exist on back up tapes or other media used for disaster recovery purposes, provided that such copies will not be accessed except upon notice to the Producing Party.

**11.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

11.1      If a Receiving Party is served with a subpoena or an order issued in other action that would compel disclosure of any Protected Material, the Receiving Party must so notify the Designating Party, in writing immediately so that the Designating Party has an opportunity to

object to the disclosure of Protected Material.  Such notification must include a copy of the subpoena or court order.

11.2    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other action that some or all the material covered by the subpoena or order is the subject of this Order.

11.3    The purpose of imposing this duty is to afford the Designating Party in this action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in that court.

11.4    Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

12.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (a) notify the Designating Party, in writing, of the unauthorized disclosure(s); (b) use its best efforts to retrieve all copies of the Protected Material; (c) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person(s) execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A).

## 13.    <u>LIMITATIONS ON PATENT PROSECUTIONS AND REEXAMINATIONS</u>

13.1    Absent written consent from the Producing Party, any individual who personally reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to image sensors, digital

imaging products, and/or digital image editing products of the type disclosed in the " HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office.  For purposes of this paragraph, "prosecution" means directly or indirectly drafting or amending, or advising on the drafting or amending of, patent claims, but does not mean advising or representing a party before a domestic or foreign agency in a reissue, *ex parte* reexamination, *inter partes* reexamination, *inter partes* review, or post-grant review proceeding. This Prosecution Bar shall begin for the individual upon viewing of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and shall end one (1) year after final termination of this action, including all appeals.

14.    **MISCELLANEOUS**

14.1    Right to Further Relief: Nothing in this Order abridges the right of any person to seek further or additional protection of any Disclosure or Discovery Material or to seek modification of the Order by the Court in the future.

14.2    Right to Assert Other Objections: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    No Restriction on Advising Client:  Nothing in this Order shall be construed to prevent Counsel from advising their respective clients regarding this case, even if Counsel must rely on Protected Information in formulating such advice, as long as no Protected Information is disclosed in violation of this Order.

14.4   <u>Limitation on Discovery from Experts</u>:   Absent good cause, and consistent with Rule 26(b)(4) of the Federal Rules of Civil Procedure, drafts of expert reports and communications between an Expert (as defined in Section 2.5) and a Party's Counsel are not discoverable except as provided in Federal Rule of Civil Procedure 26(b)(4)(C).   Reports and materials exempt from discovery under this section shall be treated as attorney work product for the purposes of this case and Protective Order.

14.5 <u>Other Proceedings.</u> By entering this Order and limiting the disclosure of information  in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential  pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 15.   **INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

15.1   If any Party, through inadvertence, produces any Disclosure or Discovery Material information that it believes is immune from discovery pursuant to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, the Producing Party may give written notice to the Receiving Party that such Disclosure and Discovery Material is deemed privileged and that return of such Disclosure and Discovery Material is requested.  Upon receipt of such written notice, the Receiving Party shall immediately gather the original and all copies of such Disclosure and Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Producing Party except that the Receiving Party may retain one copy for the sole purpose of supplying it to the Court in connection with a

dispute over the protections afforded to the document.  If the Producing Party discovers that privileged, work-product, or otherwise protected Disclosure and Discovery Material information has been inadvertently produced based upon the Receiving Party's use of such information during a deposition or hearing, the Producing party may orally request the return of the information and that the Receiving Party immediately cease examination or argument regarding the document. Upon such an oral request, the Receiving Party shall immediately (a) return the Disclosure and Discovery Material information and all copies to the Producing Party (except one copy as discussed above), and (b) cease examination or argument regarding such information.  The return of such Disclosure and Discovery Material to the Producing Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Disclosure and Discovery Material on the basis that any privilege applicable thereto has been waived.  However, the inadvertent production of privileged or otherwise protected Disclosure or Discovery Material in this case shall not be deemed—and the Parties expressly waive their rights to argue otherwise—to constitute a waiver of any privilege or protection that otherwise would adhere to the Disclosure or Discovery Material information.

15.2    The use of keyword searching to screen for and prevent production of documents that are privileged, work product-protected, or immune from discovery under any other applicable privilege or immunity, constitutes "reasonable steps to prevent disclosure" under Federal Rule of Evidence 502(b).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated April 28, 2021

VENABLE LLP                                    FARNAN LLP

_/s/ Daniel A. O'Brien_                        _/s/  Brian E. Farnan_
Daniel A. O'Brien (#4897)                      Brian E. Farnan (#4089)

18

1201 N. Market Street, Suite 1400
Wilmington, Delaware 19801
Tel: (302) 298-3523
daobrien@venable.com

OF COUNSEL:

Alex M. Weingarten
(*pro hac vice*)
Jeffrey K. Logan
(*pro hac vice*)
VENABLE LLP
2049 Century Park East, Ste. 2300
Tel: (310) 229-9900
amweingarten@venable.com
jklogan@venable.com

*Counsel for Defendants and
Counterclaimants AKT Franchise,
LLC and Xponential Fitness LLC*

919 N. Market Street, 12th Fl.
Wilmington, DE  19801
Tel: (302) 658-9200
bfarnan@farnanlaw.com

OF COUNSEL:

Kerry A. Brennan
(*pro hac vice*)
BRENNAN LAW FIRM PLLC
902 Broadway, 6th Fl.
New York, New York 10010
Tel: (212) 729-1980
kerry.brennan@brennanlawpllc.com

*Counsel for Plaintiffs Anna Kaiser, Get
Kaisered, Inc. and Kaiser Fitness LLC*

SO ORDERED this 3rd day of ___May_____, 2021.

_____
The Honorable Colm F. Connolly

19

EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GET KAISERED INC., KAISER FITNESS LLC, and ANNA KAISER, <br><br> Plaintiffs, <br><br> - v. - <br><br> AKT FRANCHISE, LLC, and XPONENTIAL FITNESS LLC, <br><br> Defendants. | C.A. NO. 1:20-CV-01037-CFC |
| AKT FRANCHISE, LLC, and XPONENTIAL FITNESS LLC, <br><br> Counterclaimants, <br><br> - v. - <br><br> ANNA KAISER, GET KAISERED INC., and KAISER FITNESS LLC, <br><br> Counterdefendants. | |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY STIPULATED

PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Delaware in the above-captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply

20

could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order.

Printed name: _____

Present occupation job description: _____

Name of Company or Firm: _____

Address: _____


Date: _____          Signature: _____